The opinion of the court was .delivered by
Spencer, J.
Plaintiff brought suit in the district court of Natchitoches parish on his tutor’s bond, whereon Wm, Sprowl'and Peyton R. Bosley'were sureties in solido. The latter being dead, his sons John R. and H. S. Bosley were sued as his unconditional heirs. Said suit resulted in a judgment, in 1867, in favor of plaintiff for some $12,000 against Sprowl for the whole and in solido with the two heirs of Bosley, who were each condemned to pay one half, his virile share of said debt. At that time H. S. Bosley was cited as residing in Bossier parish, and was served there personally with citation, the other parties as residing in Natchitoches.
Judgment was made final on default. In 1871, the parish of Red River was created out of the territory taken from Natchitoches, Bossier, and other parishes.
It is shown that the defendants in said suit resided within the territory thus now embraced within Red River.
By act 78 of 1873, the clerks of district and parish courts of Natchitoches and the other parishes named, were directed “ to transmit forthwith to the clerks of the district and parish courts of Red River all petitions, answers, documents and papers appertaining to suits wherein the defendant or defendants reside within the parish of Red River, whether said suits be settled or unsettled.” “ That the district and parish courts of Red River shall have as full and complete jurisdiction over the suits so transferred, as the said courts of the different parishes from whence the same were transferred, as now under the law.”
*326 The suit now before us is one to revive the judgment above mentioned, and is brought in the district court of Red River. In this suit to revive Vm. Sprowl lias not been cited, being dead and his estate shown to be utterly insolvent. John R. Bosley made no appearance, no default was entered against him, and he has not appealed. H. S. Bosley appeared and, reserving his right to answer, filed numerous “peremptory exceptions” and the plea of prescription of ten years, and prayed that plaintiff’s suit be dismissed and for costs and general relief.
The grounds of the exception are—
First- — Want of jurisdiction in the court.
Second — -That two of the defendants are cited as a firm, “ J. R. & H. S. Bosley,” instead of individually.
Third — That the suit can not be maintained without citation to Sprowl or his heirs.
Fourth- — That the petition does not disclose in what court the judgment sought to be revived was rendered.
Fifth — -That the court which rendered the judgment alone has power to revive it.
Sixth — Prescription of ten years.
The case was thereupon set down for trial, evidence introduced, and judgment rendered for plaintiff as prayed for. H. S. Bosley filed a motion for new trial on the ground that the judgment rendered was “contrary to law and evidence,” and appeals. In this court he has filed an elaborate assignment of errors, which so far as not a repetition of the peremptory exceptions are in substance as follows :
That no default was entered against him or other defendants in this cause. That the judgment sought to be revived was predicated on a previous one against the tutor, which last was prescribed when the former was rendered. That the judgment sought to be revived was rendered on insufficient evidence. That H. S. Bosley at the date of said judgment was resident of Bossier, as shown by the citation, and could not be sued in Natchitoches.- That his obligation to pay his father’s debts was a personal obligation, enforcible only at his domicile, and that said suit was not an action on the bond, but on his personal obligation as heir. That the original judgment against the tutor has never been revived, and is now barred.
We will dispose of this assignment of errors, so far as it attacks the original judgment sought to be revived, by simply saying that the grounds stated were all matters which should and could have been urged by way of defence thereto. That such matters can not be set up as defence in an action to revive. None of them, if true, would render the judgment absolutely null. Besides, appellant admitted on the trial below that at the date of said judgment in December, 1867, he resided *327 in Natchitoches parish. He was personally cited. Connery vs. Rotchford, Brown & Co., 30 A. 692.
As regards the non-entry of default, so far as H. S. Bosley is concerned, it amounts to nothing. His exception was treated by the court, by the plaintiff, and by himself as an answer. The case tried, evidence adduced and decided. He moved for a new trial, and said nothing about there being no default against him. It is too late now to urge it.
This brings us to the case as presented below by the peremptory exceptions. The first and fifth grounds are substantially one — -want of jurisdiction in the district court of Bed Biver to revive a judgment rendered in Natchitoches. We have quoted the statute, which expressly gives to courts of Bed Biver jurisdiction over the suit sought to be revived in this case. It puts the Bed Biver court in the-place and stead of the Natchitoches court; vesting it as regards this judgment, with the jurisdiction of the latter. Now what was under existing laws the power of the Natchitoches courts as regards this judgment? It was the exclusive right io enforce and to revive it. After the passage of that statute the court of Natchitoches could no more revive that judgment than it could enforce it by ft. fa. We regard a proceeding to revive a judgment not as a new suit, but simply asa proceeding in the same suit, to continue and keep alive a judgment rendered therein, and to furnish proof that it has not been satisfied or extinguished. But if it were conceded to be a new and substantive suit, it is manifest that it would have to be brought in Bed Biver, where all the defendants reside. So taking either horn of the dilemma, the result is the same.
Second — The second ground is that the defendants “ J. R. & C. S. Bosley ” are cited as a firm. This is not true. The title of the suit at the head of the citation is, “ Geo. Hammett vs. Wm. Sprowl and J. R. & H. S. Bosley.” But separate citations, one addressed “ to H. S. Bosley” and one “ to J. R. Bosley,” issued and were served.
Third — The petition states that the judgment was rendered by W. B. Lewis, judge of the parish of Natchitoches.
Fourth — Where a party has judgment either in solido or jointly against several persons, we know no rule of law that compels him to revive it against all. In the absence of such rule of law, we see no reason to enforce it as a rule of reason or equity. Why compel a judgment creditor to incur the delay, vexation and expense of citing insolvent and irresponsible parties, from whom lie can never hope to obtain payment ? Why require him to do this, any more than require him to sue all the makers of a solidary or joint obligation ?
Sixth — The appellant also pleads the prescription of ten years in bar of this action. As we have seen, this judgment was in solido. Service of citation was made on H. S. and J. B. Bosley before the ten years *328 had expired. This interrupts the prescription as to the co-obligor in solido, Wm. Sprowl, who has not been cited. C. C.
The theory upon which appellant pleads prescription in this case, is not developed in the pleadings or argument. But we presume it to be this ; payment of one co-obligor in solido discharges all the others. Prescription is a conclusive presumption of payment. Hence prescription, acquired by one co-obligor being a conclusive presumption of payment by him, inures to the benefit of all the others and discharges them.
It is not necessary for us to go into- this vexed question, since as we have seen, no prescription has yet been acquired by any of the solidary debtors.
The judgment'is affirmed at the costs of appellant.